McCarthy, J. KY

LEF/lef            07565-63936            1381729

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OWEN HARTY, Individually,

           Plaintiff,            Case No. 7:15-cv-08609-~~NSR~~ JCM

-against-

           **STIPULATION OF**
           **DISCONTINUANCE, SETTLEMENT,**
ASHLEY LLC, A New York Limited Liability            **AND ORDER OF DISMISSAL**
Company,

           Defendant.
------------------------------------------------------------X

**WHEREAS**, Plaintiff, OWEN HARTY, filed a complaint on November 2, 2015 and an amended complaint on December 9, 2015 (as amended, the "Complaint"), alleging, *inter alia*, that Defendant, ASHLEY LLC, violated various provisions of the United States Americans with Disabilities Act at 42 U.S.C. § 12181 *et seq.* and the New York State Human Rights Law at N.Y. Exec. Law § 296; and

**WHEREAS**, the parties are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose; and

**WHEREAS**, none of the parties to the above-captioned action is an infant or incompetent person; and

**WHEREAS**, the parties in the above-captioned action wish to discontinue the litigation;

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and/or their respective counsel as follows:

1. The parties hereby agree that the above-captioned action is dismissed and discontinued with prejudice, as to the named defendant, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. Any and all of the claims for damages by Plaintiff which are the subject of this action or otherwise arise out of any of the incidents alleged in the Complaint are hereby settled, as against the named Defendant, under the terms contained in the Settlement Agreement and the Stipulation Agreement for Fees and Costs annexed hereto as **Exhibits "A" and "B"**, and incorporated herein as if set forth in its entirety, in full satisfaction of all claims for damages, costs, disbursements and legal fees.

3. In consideration of the Stipulation Agreement for Fees and Costs stated in Paragraph #2, above, the Plaintiff hereby releases the named Defendant, and its heirs, executors, administrators, assigns, successors, officers, directors, and attorneys from any and all claims, liabilities and causes of

LEF/lef                         07565-63936                              1381729

action related to or arising out of any and all of the events set forth in the Complaint in the above-captioned action.

4. Nothing in this So Ordered Stipulation of Settlement shall be construed as an admission or concession of liability whatsoever by the Defendant regarding any of the allegations made by the Plaintiff in the Complaint.

5. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement.

6. This So Ordered Stipulation of Settlement embodies the entire agreement of the parties in this matter.

| THOMAS B. BACON, P.A. | CATANIA, MAHON, MILLIGRAM & RIDER, PLLC |
|---|---|
| _____ | _____ |
| John F. Ward, Esquire | Lia E. Fierro, Esq. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 200 Country Club Rd. | One Corwin Court, P.O. Box 1479 |
| Royersford, PA 19468 | Newburgh, NY 12550 |
| Phone: (610) 952-0219 | T: (845) 565-1100 |
| Fax: (954) 237-1990 | F: (845) 565-1999 |
| johnfward@gmail.com | lfierro@cmmrlegal.com |
| Dated: August 4, 2017 | Dated: August 4, 2017 |

**SO ORDERED.**

Dated: August 7, 2017
       White Plains, New York

_____
HON. JUDITH C. McCARTHY
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OWEN HARTY, Individually,

      Plaintiff,

 -against-          Case No. 7:15-cv-08609-NSR

ASHLEY LLC, A New York Limited Liability
Company,

      Defendant.

## SETTLEMENT AGREEMENT

   This Settlement Agreement is entered into by and between Plaintiff, OWEN HARTY, and Defendant, ASHLEY, LLC, A New York Limited Liability Company, on the date last executed below.

   WHEREAS: Defendant's property, Nanuet Professional Center Plaza (the "Plaza"), is a mixed-use professional office building and retail shopping center located at 58-78 W. Route 59, Nanuet, NY 10954 (hereinafter the "Subject Property"); and

   WHEREAS: Plaintiff claims that there are architectural barriers existing at the Subject Property that constitute violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. and the New York Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, that unlawfully limit the Plaintiff's use of the Property; and

   WHEREAS: Defendant has expressed its desire to settle the instant lawsuit without admitting liability or violation of any law or regulation, claims specifically denied by Defendant; and

   WHEREAS: The Plaintiff is also desirous of settling this matter on the terms and conditions set forth herein; and

   WHEREAS: The Parties hereto have determined that the barriers listed in Plaintiff's Rule 34 Inspection Report attached hereto constitute all barriers to be removed to bring Defendant into compliance with the ADA and the NYSHRL.

   NOW, THEREFORE, In consideration of the mutual promises and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1

1. Defendant agrees to make renovations to the subject premises concerning the elements described in Plaintiff's Rule 34 Inspection Report, which is appended hereto as Attachment "A" and incorporated herein by reference, as follows (reference to elements by their Item letter refers to the corresponding designation in Plaintiff's Rule 34 Inspection Report):

    i. <u>Interior Adjustments.</u>

        1. Defendant will make, or cause to be made, every interior Recommended Modification to the elements designated in Plaintiff's Inspection Report as Items "K" through "W" no later than February 28, 2018.

    ii. <u>Exterior Adjustments.</u>

        1. Defendant will <u>not</u> make any adjustments pertaining to the element described in Item "A".

        2. Defendant will make, or cause to be made, the exterior adjustment requested in Plaintiff's Inspection Report as Item "E" no later than February 28, 2018, with the exception that the signage in Item "E" will be removed following renovation of the subject ramp.

        3. Defendant will make, or cause to be made, the exterior adjustments to the elements described in Plaintiff's Inspection Report as Items "B" through "D" and "F" through "J" no later than February 28, 2022, <u>provided that</u> Defendant is first able to meet its obligations to its creditors, the taxing authorities and its general maintenance providers (such as utility companies, plowing services, insurance carrier, garbage removal provider) during that time.
            a. Defendant will make, or cause to be made, necessary alterations to the elements described in Items "C" and "D" <u>either</u> in accordance with the Recommended Modifications in the Plaintiff's Inspection Report, <u>or</u> by making alternative alterations which result in an accessible path of travel, to the greatest extent feasible, from the parking lot to the space presently leased by The Huntington Learning Center.
            b. Defendant will make, or cause to be made, every exterior Recommended Modification in Plaintiff's Inspection Report as Items "B" and "F" through "J".

2

2.  All alterations, modifications, and policies required by this Settlement Agreement shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiff will take place on or after <u>February 28, 2022</u> or at such other date as may be agreed by the Parties hereto, to ensure that the renovations agreed to herein have been completed. Plaintiff's counsel, expert(s) and/or representatives shall be provided access on reasonable notice and at reasonable times and in such manner so as not to interfere with the conduct of the business of Landlord or Tenants at the Subject Property, to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. "Reasonable notice" as used in this Paragraph 2 shall mean notice given by mail and electronic mail to the Defendant at Ashley LLC, 18 Rambling Brook Road, Upper Saddle River, NJ 07458, bruce711@optonline.net and bradleycocks@verizon.net with a copy to its counsel, Catania, Mahon, Milligram & Rider, PLLC, Attn: Lia E. Fierro, Esq., One Corwin Court, Newburgh, NY 12550, lfierro@cmmrlegal.com, at least ten (10) business days in advance of the proposed entry date.

3.  Defendant or its counsel shall notify Plaintiff's counsel by Certified Return Receipt Mail when all of the renovations contemplated herein are completed and submit to Plaintiff's counsel a report summarizing the actions it has taken pursuant to this Settlement Agreement.

4.  In the event of non-compliance with the terms and conditions of this agreement, either Party shall be entitled to make claim for immediate injunctive relief.

5.  Defendant shall pay to Plaintiff's counsel, Thomas B. Bacon, P.A., Plaintiff's attorneys' fees, expert fees, re-inspection fees, litigation expenses, compensatory damages and costs incurred in this matter. The amount to be paid shall be established by counsel for the parties by separate agreement ("Stipulation Agreement for Fees and Costs"), which is incorporated herein as part of this Settlement Agreement.

6.  In any action to enforce this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

7.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successor and/or assigns. The Parties shall perform their obligations under this Settlement Agreement in good faith.

8.  The Parties agree that any delays in making the renovations to the Subject Property as provided for pursuant to this Settlement Agreement caused by third parties, including but not limited to, construction contractors, or municipal building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

3

9. **Release.** Upon Defendant's compliance with the terms and conditions of this Settlement Agreement, Plaintiff hereby releases and discharges Defendant, its members, officers, employees, agents, successors and assigns from any and all claims and causes of action which he ever has had against Defendant arising under the ADA and/or the NYSHRL, limited to the Subject Property.

10. All references to the ADAAG refer to the 1991 ADA Standards for Accessible Design and the 2010 ADA Standards for Accessible Design, as applicable to the subject property.

11. The Parties acknowledge that the renovations described in this Settlement Agreement shall be implemented according to the standards set out in the ADAAG.

12. **Confidentiality:** Plaintiff and his respective counsel warrant that all the provisions and terms of this Settlement Agreement shall remain in STRICT CONFIDENCE, and that no copy of this Agreement or the fact of this Agreement shall be disclosed to any persons, media or entities whatsoever, except pursuant to a court order from which Plaintiff and/or his counsel will seek to redact all settlement amounts and/or keep under seal. Defendant and its counsel agree that they will not publish the terms of this Agreement to third-parties except as required by law, to their investors, financial advisors, accountants, or lawyers, or as necessary to enforce the terms of this Settlement Agreement with the Court.

13. This Settlement Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any Party's signature shall be deemed as legally binding as the original signatures.

14. Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

15. This Settlement Agreement shall be construed in accordance with the laws of the State of New York.

16. Defendant does not hereby admit liability to Plaintiff or anyone else resulting and/or arising out of the matters set forth in Plaintiff's Complaint in this action, or any claim that could have been asserted therein. The Parties hereto shall execute a Stipulation of Settlement and Order of Dismissal to be So-Ordered by the Court, which shall settle and dismiss this action with prejudice, allowing the Court to retain jurisdiction over only the accompanying Stipulation Agreement for Fees and Costs until the full payment of the Settlement Figure, defined therein.

4

17. The Parties hereto have full legal title, power and authority to enter into this Agreement and to consummate the transactions contemplated herein.

18. This Agreement may not be modified orally.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement and Release Agreement effective as of the date and year last written below.

PLAINTIFF:

_____  Date: February 11, 2017
OWEN HARTY

DEFENDANT:

ASHLEY, LLC

By: _____  Date: January ___, 2017
Name:
Title:

5

17. The Parties hereto have full legal title, power and authority to enter into this Agreement and to consummate the transactions contemplated herein.

18. This Agreement may not be modified orally.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement and Release Agreement effective as of the date and year last written below.

PLAINTIFF:

_____  Date: Feburary __, 2017
OWEN HARTY

DEFENDANT:

ASHLEY, LLC

By: _____  Date: Feburary 5, 2017
Name: HERBERT E. COCKS
Title: ADMINISTRATIVE MEMBER

5

17. The Parties hereto have full legal title, power and authority to enter into this Agreement and to consummate the transactions contemplated herein.

18. This Agreement may not be modified orally.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement and Release Agreement effective as of the date and year last written below.

PLAINTIFF:

_____  Date: Feburary __, 2017
OWEN HARTY

DEFENDANT:

ASHLEY, LLC

By: _____  Date: Feburary 5, 2017
Name: HERBERT E. COCKS
Title: ADMINISTRATIVE MEMBER

5

**Exhibit A**
Stipulation Agreement for Fees and Costs

CATANIA, MAHON, MILLIGRAM & RIDER, PLLC
P.O. BOX 1479 · NEWBURGH, N.Y. 12551 · (845) 565-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OWEN HARTY, Individually,

      Plaintiff,

-against-            Case No. 7:15-cv-08609-NSR

ASHLEY LLC, A New York Limited Liability Company,

      Defendant.

## STIPULATION AGREEMENT FOR FEES AND COSTS

IT IS HEREBY stipulated and agreed as part of resolution of the above-referenced lawsuit that Defendant, ASHLEY, LLC, shall pay to Thomas B. Bacon, P.A., the following amount of money, representing full and final compensation for all fees, including but not limited to legal fees and expert fees, and all costs and compensatory damages incurred by Plaintiff in this matter ("Fees"):

SEVENTEEN THOUSAND DOLLARS AND 00/100 ($17,000.00) ("Settlement Figure")

The parties hereby agree that the Settlement Figure represents all of the actual Fees incurred in the above-referenced action without the consideration of a multiplier and with no other charges except as indicated above.

1. <u>Payment.</u> Defendant agrees to remit payment of the Settlement Figure to Thomas B. Bacon, P.A. in strict accordance with the payment schedule set forth below:

  i. The payment shall be made in three (3) installments over a period of 180 days:
    a. The first payment in the amount of $5,666.67 shall be paid by March 28, 2017.
    b. The second payment in the amount of $5,666.67 shall be paid by May 27, 2017.
    c. The third payment in the amount of $5,666.66 shall be paid by July 26, 2017.

  ii. No interest will accrue on the outstanding balance of the Settlement Figure.

  iii. Payments may be made by business check, personal check or money order made out to "Thomas B. Bacon, P.A.".

1

    iv.    Payments shall be mailed by First Class Mail with the United States Postal Service under a unique tracking number through USPS Tracking, and shall be deemed remitted as of the date the payment is deposited in the mail. The USPS Tracking number for any parcel mailed in accordance with this Stipulation Agreement shall be provided to Plaintiff's counsel on demand.

    v.    Defendant may prepay all or any part of the balance outstanding hereunder at any time without penalty.

    vi.    Payment of the settlement funds shall be sent directly to Thomas B. Bacon, P.A., addressed as follows:

> Thomas B. Bacon, Esquire
> Thomas B. Bacon, P.A.
> 644 North Mc Donald St.
> Mt. Dora, FL 32757
> [Ph. 954-478-7811]

    vii.    In the event of Defendant's failure to remit payment of any of the above installments when due as herein provided ("Default"), time being of the essence hereof, Plaintiff may declare the entire amount then unpaid immediately due and payable.

2.    <u>Confidentiality.</u> Plaintiff and his respective counsel warrant that all the provisions and terms of this Stipulation Agreement shall remain in STRICT CONFIDENCE, and that no copy of this Stipulation Agreement or the fact of this Stipulation Agreement shall be disclosed to any persons, media or entities whatsoever, except pursuant to a court order from which Plaintiff and/or his counsel will seek to redact all settlement amounts and/or keep under seal. Defendant and its respective counsel agree that they will not publish the terms of this Stipulation Agreement to third-parties except as required by law, to their investors, financial advisors, accountants, or lawyers, or as necessary to enforce the terms of this Stipulation Agreement with the Court.

3.    <u>Court's Retention of Jurisdiction.</u> Pursuant to the Court's Order, dated January ___, 2017, Plaintiff's Complaint was marked settled and discontinued with prejudice, for statistical purposes, with the Court specifically retaining jurisdiction only to enforce the terms of this Stipulation Agreement for Fees and Costs. This Stipulation Agreement for Fees and Costs shall not be filed unless there is a Default. In any action to enforce this Stipulation Agreement for Fees and Costs, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

4.    <u>Miscellaneous.</u> The Parties hereto have full legal title, power and authority to enter into this Agreement and to consummate the transactions contemplated herein. This Stipulation Agreement shall be construed in accordance with the laws of the State of New York. This Stipulation Agreement may be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any Party's signature shall be deemed as legally binding as the original signatures. Defendant does not hereby admit liability to Plaintiff or anyone else resulting and/or arising out of the matters set forth in Plaintiff's Complaint in this

CATANIA, MAHON, MILLIGRAM & RIDER, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

action, or any claim that could have been asserted therein. This Agreement may not be modified orally.

Agreed and stipulated to on the date(s) indicated below by the parties' endorsements below:

FOR THE PLAINTIFF                                    FOR THE DEFENDANT

By: ___/s/ John F. Ward___                           By: _____

Date: January 19, 2017                               Date: _____

| THOMAS B. BACON, P.A.<br>John F. Ward, Esquire<br>200 Country Club Rd.<br>Royersford, PA 19468<br>Phone: (610) 952-0219<br>Fax: (954) 237-1990<br>johnfward@gmail.com | CATANIA, MAHON, MILLIGRAM &<br>RIDER, PLLC<br>Lia E. Fierro, Esq.<br>One Corwin Court<br>Newburgh, NY 12550<br>Phone: (845) 565-1100<br>Fax: (845) 565-1999<br>lfierro@cmmrlegal.com |
|---|---|

action, or any claim that could have been asserted therein. This Agreement may not be modified orally.

Agreed and stipulated to on the date(s) indicated below by the parties' endorsements below:

FOR THE PLAINTIFF

By: _____

Date: _____

FOR THE DEFENDANT

By: _/s/_____

Date: 2-14-2017

| THOMAS B. BACON, P.A.<br>John F. Ward, Esquire<br>200 Country Club Rd.<br>Royersford, PA 19468<br>Phone: (610) 952-0219<br>Fax: (954) 237-1990<br>johnfward@gmail.com | CATANIA, MAHON, MILLIGRAM &<br>RIDER, PLLC<br>Lia E. Fierro, Esq.<br>One Corwin Court<br>Newburgh, NY 12550<br>Phone: (845) 565-1100<br>Fax: (845) 565-1999<br>lfierro@cmmrlegal.com |
|---|---|

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OWEN HARTY, Individually,

                Plaintiff,

-against-                       Case No. 7:15-cv-08609-NSR

ASHLEY LLC, A New York Limited Liability Company,

                Defendant.

## STIPULATION AGREEMENT FOR FEES AND COSTS

IT IS HEREBY stipulated and agreed as part of resolution of the above-referenced lawsuit that Defendant, ASHLEY, LLC, shall pay to Thomas B. Bacon, P.A., the following amount of money, representing full and final compensation for all fees, including but not limited to legal fees and expert fees, and all costs and compensatory damages incurred by Plaintiff in this matter ("Fees"):

SEVENTEEN THOUSAND DOLLARS AND 00/100 ($17,000.00) ("Settlement Figure")

The parties hereby agree that the Settlement Figure represents all of the actual Fees incurred in the above-referenced action without the consideration of a multiplier and with no other charges except as indicated above.

    1.    Payment. Defendant agrees to remit payment of the Settlement Figure to Thomas B. Bacon, P.A. in strict accordance with the payment schedule set forth below:

        i.    The payment shall be made in three (3) installments over a period of 180 days:
            a.    The first payment in the amount of $5,666.67 shall be paid by March 28, 2017.
            b.    The second payment in the amount of $5,666.67 shall be paid by May 27, 2017.
            c.    The third payment in the amount of $5,666.66 shall be paid by July 26, 2017.

        ii.    No interest will accrue on the outstanding balance of the Settlement Figure.

        iii.    Payments may be made by business check, personal check or money order made out to "Thomas B. Bacon, P.A.".

1

    iv.    Payments shall be mailed by First Class Mail with the United States Postal Service under a unique tracking number through USPS Tracking, and shall be deemed remitted as of the date the payment is deposited in the mail. The USPS Tracking number for any parcel mailed in accordance with this Stipulation Agreement shall be provided to Plaintiff's counsel on demand.

    v.    Defendant may prepay all or any part of the balance outstanding hereunder at any time without penalty.

    vi.    Payment of the settlement funds shall be sent directly to Thomas B. Bacon, P.A., addressed as follows:

> Thomas B. Bacon, Esquire
> Thomas B. Bacon, P.A.
> 644 North Mc Donald St.
> Mt. Dora, FL 32757
> [Ph. 954-478-7811]

    vii.    In the event of Defendant's failure to remit payment of any of the above installments when due as herein provided ("Default"), time being of the essence hereof, Plaintiff may declare the entire amount then unpaid immediately due and payable.

2.    **Confidentiality.** Plaintiff and his respective counsel warrant that all the provisions and terms of this Stipulation Agreement shall remain in STRICT CONFIDENCE, and that no copy of this Stipulation Agreement or the fact of this Stipulation Agreement shall be disclosed to any persons, media or entities whatsoever, except pursuant to a court order from which Plaintiff and/or his counsel will seek to redact all settlement amounts and/or keep under seal. Defendant and its respective counsel agree that they will not publish the terms of this Stipulation Agreement to third-parties except as required by law, to their investors, financial advisors, accountants, or lawyers, or as necessary to enforce the terms of this Stipulation Agreement with the Court.

3.    **Court's Retention of Jurisdiction.** Pursuant to the Court's Order, dated January __, 2017, Plaintiff's Complaint was marked settled and discontinued with prejudice, for statistical purposes, with the Court specifically retaining jurisdiction only to enforce the terms of this Stipulation Agreement for Fees and Costs. This Stipulation Agreement for Fees and Costs shall not be filed unless there is a Default. In any action to enforce this Stipulation Agreement for Fees and Costs, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

4.    **Miscellaneous.** The Parties hereto have full legal title, power and authority to enter into this Agreement and to consummate the transactions contemplated herein. This Stipulation Agreement shall be construed in accordance with the laws of the State of New York. This Stipulation Agreement may be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any Party's signature shall be deemed as legally binding as the original signatures. Defendant does not hereby admit liability to Plaintiff or anyone else resulting and/or arising out of the matters set forth in Plaintiff's Complaint in this

action, or any claim that could have been asserted therein. This Agreement may not be modified orally.

Agreed and stipulated to on the date(s) indicated below by the parties' endorsements below:

FOR THE PLAINTIFF                          FOR THE DEFENDANT

By: ___/s/ John F. Ward___                 By: _____

Date: January 19, 2017                     Date: _____

| THOMAS B. BACON, P.A.<br>John F. Ward, Esquire<br>200 Country Club Rd.<br>Royersford, PA 19468<br>Phone: (610) 952-0219<br>Fax: (954) 237-1990<br>johnfward@gmail.com | CATANIA, MAHON, MILLIGRAM &<br>RIDER, PLLC<br>Lia E. Fierro, Esq.<br>One Corwin Court<br>Newburgh, NY 12550<br>Phone: (845) 565-1100<br>Fax: (845) 565-1999<br>lfierro@cmmrlegal.com |

3

action, or any claim that could have been asserted therein. This Agreement may not be modified orally.

Agreed and stipulated to on the date(s) indicated below by the parties' endorsements below:

FOR THE PLAINTIFF

By: _____

Date: _____

FOR THE DEFENDANT

By: _*signature*_____

Date: 2-14-2017

| THOMAS B. BACON, P.A.<br>John F. Ward, Esquire<br>200 Country Club Rd.<br>Royersford, PA 19468<br>Phone: (610) 952-0219<br>Fax: (954) 237-1990<br>johnfward@gmail.com | CATANIA, MAHON, MILLIGRAM & RIDER, PLLC<br>Lia E. Fierro, Esq.<br>One Corwin Court<br>Newburgh, NY 12550<br>Phone: (845) 565-1100<br>Fax: (845) 565-1999<br>lfierro@cmmrlegal.com |